# WHIPPLE AZZARELLO, LLC
Attorneys at Law

177 Madison Avenue
Morristown, New Jersey 07960
Tel: (973) 267-7300
Fax: (973) 267-0031
whippleazzarellolaw.com

**JOHN C. WHIPPLE**
Certified by the Supreme Court of
New Jersey as a Criminal Trial Attorney

**JOHN A. AZZARELLO**
Admitted in New Jersey and New York

**ADAM M. ELEWA**
Admitted in New Jersey
and New York

**ANTHONY M. GRUPPUSO**
Of Counsel
Admitted in New Jersey and New York

July 25, 2025

Document Electronically Filed

Honorable Evelyn Padin, USDJ
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:    **United States v. Robert H. Conrad**
       **Criminal Case No. 24-817 (EP)**

Dear Judge Padin:

      As the Court is aware, I represent Robert H. Conrad in the above-captioned matter. I write to respectfully request an adjournment of Mr. Conrad's sentencing for 30 days so our Office may independently forensically examine the government's evidence. A review of this evidence is crucial to Mr. Conrad's sentencing and the factors the Court must consider under 18 U.S.C. Sections 3553(a) at sentencing. Our request for an adjournment is due to the delay in securing an adequate report from the government and being able to identify and retain an experienced independent forensic analyst. As of the date of this letter, the government has yet to respond to our request for consent to adjourn Mr. Conrad's sentencing.

      As Your Honor may be aware from our prior request for an adjournment, we had requested that the government provide us with evidence supporting the assertion contained in the draft Presentence Report that certain contraband files were located on Mr. Conrad's computer. We had reason to believe that these files were, in fact, deleted despite being accessible to the forensic analyst using specialized software. The government produced a supplemental digital forensic report on June 25, 2025.

      Despite the report going into detail regarding certain contraband files found on Mr. Conrad's computer and concluding that several of these files were "deleted," the report inexplicably fails to clarify the deletion status of "386 CSAM media files (8 video and 378 images)." The report simply states, rather, that these files are "still playable" and found in an oddly named folder, "Storage (NTFS,6)." Notably, a file may still be "playable" by means of *specialized forensic software* despite nevertheless being deleted and inaccessible to the computer's user. Moreover, based on my associate's experience with reading digital forensic

**Honorable Evelyn Padin, USDJ**
**United States District Court, District of New Jersey**
**Re:    United States v. Robert H. Conrad**
         **Criminal Case No. 24-817 (EP)**
July 25, 2025
Page 2

reports and his background in technology, the idiosyncratic folder name, "Storage (NTFS,6)," suggests (absent additional information) that these files *were not* found in an area accessible to Mr. Conrad and may, in fact, have been deleted at some point.

Shortly after the government produced the supplemental digital forensic report, we asked the government to clarify the deletion status of the 8 videos and 378 images identified in the report and found within Storage (NTFS,6). We also immediately reached out to several well-respected digital forensic analysts to inquire about their availability and whether they could perform an independent analysis of the government's evidence. The government responded to our request for clarification of its report weeks later, on July 17, 2025, stating that our concerns were "discussed with the agent and the report contains the information we are able to provide." As of just a few days ago, we successfully identified a suitable independent computer forensic expert and are in the process of formally retaining him.

The location and deletion status of the contraband files in this case is of paramount relevance to this Court's determination of the appropriate sentence to impose on Mr. Conrad pursuant to 18 U.S.C. 3553(a). The U.S. Sentencing Commission, the Department of Justice, and this district court's Chief Judge Renee Marie Bumb (in a recent child pornography sentencing handled by our office) agree:

- The United States Sentencing Commission has advocated that the child pornography guidelines should be extensively revised and should take into consideration the "nature of the offender's collecting behavior." United States Sentencing Commission, *Federal Sentencing of Child Pornography Non-Production Offenses,* June 2021 at 2.

- The Department of Justice, in response to the U.S. Sentencing Commission's report, agrees, stating that "the attention and care an offender gives to his collection" and "how an offender uses his collection once obtained" is highly relevant to the sentence the offender should receive. United States Department of Justice, *Letter to the Honorable Patti B. Saris, Chair of the United States Sentencing Commission*, March 5, 2013.

- In a recent District of New Jersey case, Chief Judge Renee Marie Bumb included in her Statement of Reasons in the judgment of conviction that a well below guidelines sentence was justified since the defendant "deleted the involved material after downloading it and did not trade or discuss the material or otherwise interact with other peer-to-peer users." *See U.S. v. Barbarino* (1:23-cr-00802-RMB-1).

Accordingly, we believe that we cannot adequately discharge our professional obligations to Mr. Conrad or provide the Court will all the information it must consider under 18 U.S.C.

2

Honorable Evelyn Padin, USDJ
United States District Court, District of New Jersey
Re:   United States v. Robert H. Conrad
       Criminal Case No. 24-817 (EP)
July 25, 2025
Page 3

Section 3553(a) to determine a fair and appropriate sentence absent crucial additional forensic information.

    Based on the reasons set forth above, I respectfully request that the Court adjourn Mr. Conrad's sentence for at least 30 days to provide defense counsel adequate time to have Mr. Conrad's digital devices forensically analyzed and to integrate the results of that analysis into a comprehensive sentencing submission. If this request meets with Your Honor's approval, I have added a "So Ordered" signature line below for the convenience of the Court. If the Court has any questions or concerns regarding this request, please feel free to contact me.

Respectfully submitted,

**WHIPPLE AZZARELLO, LLC**

By:  _____s/ John A. Azzarello_____
         John A. Azzarello

JAA:dn
cc: AUSA Edeli Rivera (via ECF)

SO ORDERED.  _/s/ Evelyn Padin_
_____
**HONORABLE EVELYN PADIN**
**United States District Court Judge**

Date: 7/28/2025

3